IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH W. HAWKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-116-SMY-CJP |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

By Complaint filed on February 1, 2016, Kenneth W. Hawks seeks judicial review of a final decision by the Commissioner of the United States Social Security Administration, pursuant to 42 U.S.C. § 1383(c) (Doc. 1). That decision denied Hawks' claim for social security benefits. Now pending before the Court is Hawks' motion for leave to proceed *in forma pauperis* ("IFP"), i.e., without prepaying the filing fee (Doc. 3).

28 U.S.C. § 1915 authorizes a federal district court to allow an indigent plaintiff to proceed in a civil action without prepaying the filing fees if the plaintiff submits an affidavit of poverty stating that he or she is unable to afford the fees. 28 U.S.C. § 1915(a)(1). The statute also requires the Court to scrutinize the complaint filed by an indigent plaintiff and dismiss the complaint, if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). While § 1915 generally applies to *pro se* litigants, Local Rule of the United States District Court for the Southern District of Illinois 3.1(c)(1)

1

contemplates that pauper status may be granted to an applicant who is represented by an attorney, as in this case.

Hawk has submitted the requisite affidavit (Doc. 3) and based on the information contained in the affidavit, the Court finds him to be indigent within the meaning of § 1915(a)(1). Hawk has no income. He is currently unemployed and indicates that he has sold everything he owns to live during the last five years. Hawk also avers that he currently has student loan debt and several dependent children which he is unable to care for. Under these circumstances, the $400.00 filing fee presents a significant hardship and the Court cannot conclude that Hawks' allegation of poverty is "untrue." Nor can the Court conclude that the action is frivolous or malicious. Hawk alleges that he timely filed his appeal and that he has exhausted his administrative remedies. Hawks' complaint does not fail to state a claim upon which relief can be granted, and the named Defendant is not immune from suit for the requested relief.

Accordingly, the Court **GRANTS** the motion for pauper status (Doc. 3). Typically, after granting pauper status, the Court would direct the Clerk's Office to prepare and issue summons for the named Defendant. However, Hawk is represented by counsel: attorney Barry Schultz of Evanston, Illinois. Therefore, the Court leaves to Counsel the responsibility of accomplishing service of process. If Mr. Schultz believes that 28 U.S.C. § 1915(d) or Federal Rule of Civil Procedure 4(c)(3) requires the United States Marshal to serve process in this case, he should immediately file a motion with the Court.

**IT IS SO ORDERED.**

**DATED:  February 22, 2016**

s/ Staci M. Yandle\
**STACI M. YANDLE**\
**United States District Judge**