# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH W. HAWKS,          )
                                  )
          Plaintiff,       )
                                  )
**vs.**                       )  Civil No.  16-cv-116-CJP
                                  )
COMMISSIONER of SOCIAL    )
SECURITY,             )
                                  )
          Defendant.    )

## ORDER for ATTORNEY'S FEES

**PROUD, Magistrate Judge:**

This matter is before the Court on Plaintiff's Unopposed Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 38), supplemented by additional information in Doc. 40.   Plaintiff represents that defendant has indicated that she has no objection to the motion.   Doc. 38, p. 4.

After this Court reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner granted plaintiff's application for benefits.  The fee agreement between plaintiff and his attorney (Doc. 38, Ex. 3) provided for a fee of 25% of plaintiff's past-due benefits.  The Commissioner withheld 25% of the past due amount payable to plaintiff ($10,967.25) pending court approval of the fee. Doc. 40. Ex. 1.  Plaintiff's children are also owed past due amounts; 25% of the children's past due amount totals $4.686.50.  Doc. 40, Ex. 1.  Thus, 25% of all past due amounts equals $15,653.75.  However, because the attorney who represented plaintiff before the agency was awarded a fee of $6,000.00, counsel here seeks a fee of $9,653.75.

42 U.S.C. § 406(b)(1)(A) provides that the Court may allow a "reasonable fee," not in excess of 25% of the total of the past-due benefits. However, if the Court approves such a fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Ibid*. In practical terms, this means that, when a fee is awarded under § 406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B). Here, however, the EAJA fee that was previously awarded here was not paid to counsel because it was applied to an existing debt which plaintiff owed to the United States.

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreement in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances presented here, including the time and effort expended by counsel, the excellent result received by plaintiff, the amount of the past-due benefits and the value of the projected benefits over plaintiff's expected life span, as well as the value of the benefits that will be received by plaintiff's children, the Court concludes that $9,653.75.is a reasonable fee here.

The Court notes that the Commissioner does not oppose the motion. While the Commissioner has no direct stake in the § 406(b)(1) fee request, she "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798, n. 6.

Wherefore, Plaintiff's Unopposed Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) **(Doc. 38)** and Supplemental Motion **(Doc. 40)** are **GRANTED**. The Court awards plaintiff's counsel Barry A. Schultz a fee of $9,653.75 (nine thousand, six hundred fifty-three dollars and seventy-five cents).

**IT IS SO ORDERED.**

**DATED:   July 12, 2018.**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**